# In the United States Court of Federal Claims

No. 21-726C

(Filed: April 21, 2021)

| | |
|---|---|
| **BUEL, INC. & ROBERT B. WATSON**, ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> **UNITED STATES**, ) <br> ) <br> Defendant. ) <br> ) | Claim for tax refund; corporate taxpayer; prior settlement; res judicata |

Robert B. Watson, *pro se*, Chesnee, South Carolina.

Stefan R. Wolfe, Trial Attorney, Tax Division, Court of Federal Claims Section, United States Department of Justice, Washington, D.C., for defendant. With him on the briefs were David A. Hubbert, Acting Assistant Attorney General, and David I. Pincus, Chief, Court of Federal Claims Section, United States Department of Justice, Washington, D.C.

OPINION AND ORDER

LETTOW, Senior Judge.

Plaintiffs Buel, Inc. ("Buel") and Robert B. Watson have filed suit against the United States, seeking damages for the alleged failure by the Internal Revenue Service ("IRS") to properly offset Buel's underpayment of employment taxes with its overpayment of excise taxes. *See* Compl. at 4, ECF No. 1. Pending before the court is the United States' ("the government") motion to dismiss Buel as a party pursuant to Rules 41(b) and 83.1(a)(3) of the Rules of the Court of Federal Claims ("RCFC"), *see* ECF No. 11, as well as the United States' motion for a more definite statement as to plaintiff Robert B. Watson, *see* ECF No. 12. The motions have been fully briefed. *See* Pl.'s Resp., ECF No. 16; Def.'s Reply, ECF No. 17; Pl.'s Sur-reply, ECF No. 19.[1]

---

[1] During the course of briefing, the factual elements questioned in the government's motion for a more definite statement were clarified. Notably, in Mr. Watson's response, he avers that he is not asserting any claim as an individual taxpayer. *See* Pl.'s Resp. at 2 ("not a refund claim"). Accordingly, the court will treat the government's motion for a more definite statement as moot, *see* Def.'s Reply at 2, and proceed to address the government's motion to dismiss.

Given that Buel is an unrepresented corporate entity, the government's motion to dismiss Buel as a party to this case is GRANTED. Furthermore, previous litigation in the United States District Court for the Western District of North Carolina precludes Mr. Watson from bringing this claim, and Mr. Watson has provided no evidence that the excise taxes paid were his own. The complaint, therefore, must be DISMISSED pursuant to RCFC 41(b).

## BACKGROUND[2]

Buel was a long-haul refrigerated trucking company based in North Carolina. Compl. at 1. Robert B. Watson owned and operated Buel, which was in business from 1986 to 2015. Compl. at 1. Plaintiffs allege that Buel underpaid employment taxes and overpaid excise taxes on diesel fuel during fiscal year 2013, Compl. at 4, and further argue that "the IRS was in possession of adequate refund amounts to offset all the missed [employment] taxes due at that time," Compl. at 2. Despite this surplus, however, the IRS "failed to offset any amount" of the unpaid employment taxes. Compl. at 2. Buel subsequently entered Chapter 11 bankruptcy and was dissolved in June of 2015. Compl. at 2.

On September 24, 2015, the IRS sent Buel a Notice of Federal Tax Lien Filing. *See* Compl. Ex. D, ECF No. 1-1. This Notice informed Buel that the federal tax lien amounted to $55,083.57 in taxes and penalties for 2013. Compl. Ex. D. After Mr. Watson spoke with IRS representatives and hired a consultant to assist with the dispute, Compl. at 2, the IRS sent Buel a Notice of Case Resolution stating that it did not owe any employment taxes for 2013, Compl. Ex. F. In September 2017, Buel filed suit in the United States District Court for the Western District of North Carolina to recover excise taxes it allegedly overpaid. *See Buel, Inc. v. United States*, No. 17-cv-00271 (W.D.N.C. Sept. 29, 2017); *see also* Def.'s Mot. to Dismiss Ex. A, ECF No. 11-1. In due course, the parties agreed to a settlement, *see* Def.'s Mot. to Dismiss Ex. B (settlement agreement signed by Robert Watson on behalf of Buel), which stipulated that the case would be dismissed with prejudice, *see id.* Ex. C (stipulation of dismissal).

Mr. Watson and Buel filed suit in this court on January 8, 2021, alleging substantially the same facts and making the same claims as Buel had made in the 2017 lawsuit. *Compare* Compl., *with* Def.'s Mot. to Dismiss Ex. A. According to plaintiffs, "[t]he IRS unfairly charged Buel, Inc. with years of penalties and interest instead of simply offsetting the available refundable excise taxes against the missed . . . Form 941" taxes. Compl. at 4. Plaintiffs now seek $75,780 as "restitution for the years of financial injury perpetuated by the IRS." Compl. at 5.

## STANDARDS FOR DECISION

### A.    RCFC 83.1 and the Rights of Pro Se Litigants to Represent Others

"An individual who is not an attorney may represent oneself or a member of one's immediate family, but may not represent a corporation, an entity, or any other person in any

---

[2] The recitations that follow do not constitute findings of fact, but rather are recitals attendant to the pending motions and reflect matters drawn from the complaint, the parties' briefs, and records and documents appended to the complaint and briefs.

proceeding before this court." RCFC 83.1(a)(3). "There are no exceptions to this clear and unqualified rule." *Schickler v. United States*, 54 Fed. Cl. 264, 267-68 (2002) (citing *Talasila, Inc. v. United States*, 240 F.3d 1064 (Fed. Cir. 2001)), *appeal dismissed*, 70 Fed. Appx. 584 (Fed. Cir. 2003). "The rule applies where . . . the individuals seeking to represent a corporate *pro se* are its president or major stockholders." *Alli v. United States*, 93 Fed. Cl. 172, 176-77 (2010) (citing *United States ex rel. Mergent Servs. v. Flaherty*, 540 F.3d 89, 92 (2d Cir. 2008)) (additional citations omitted), *appeal dismissed*, 447 Fed. Appx. 223 (Fed. Cir. 2011). "Where a corporate-plaintiff fails to obtain counsel, the ordinary remedy is to dismiss its complaint for lack of prosecution." *Id.* (citing RCFC 41(b)) (additional citations omitted); *see also* RCFC 41(b) ("If the plaintiff fails to prosecute or to comply with these rules or a court order, the court may dismiss on its own motion or the defendant may move to dismiss the action or any claim against it.").

### B. Claim Preclusion

A claim is precluded when a court of competent jurisdiction has entered a final judgment on the merits "in a prior suit . . . involving the same parties or their privies based on the same cause of action." *Acumed, LLC v. Stryker Corp.*, 525 F.3d 1319, 1323 (Fed. Cir. 2008) (citing *Parklane Hosiery Co. v. Shore*, 439 U.S. 322, 327 n.5 (1979); *Comm'r of Internal Revenue v. Sunnen*, 333 U.S. 591, 597 (1948)). The parties to the prior suit "and their privies are thereafter bound 'not only as to every matter which was offered and received to sustain or defeat the claim or demand, but as to any other admissible matter which might have been offered for that purpose.'" *Sunnen*, 333 U.S. at 597 (quoting *Cromwell v. County of Sac*, 94 U.S. 351, 352 (1876)). "Whether a claim is barred by claim preclusion is a question of law." *Acumed*, 525 F.3d at 1323. If the only claims raised are precluded by prior litigation, the complaint must be dismissed. *See Lea v. United States*, 126 Fed. Cl. 203, 214 (2016) (concluding that plaintiff was estopped from relitigating his claims because "it appears that this court already has ruled that this court does not have subject matter jurisdiction to hear plaintiff's claims"), *aff'd*, 662 Fed. Appx. 925 (Fed. Cir. 2016).

### DISCUSSION

The facts of this case are analogous to those of *Lea v. United States*. In *Lea*, the owner of a dissolved corporation filed suit on behalf of himself and the corporation, yet the claims were "the mirror image of . . . claims set forth" in prior lawsuits filed by the same plaintiff. *See Lea*, 126 Fed. Cl. at 214. Applying the doctrine of *res judicata*, the court held that the plaintiff "may not . . . revisit the [prior] decision by filing yet another action in this court based on the same facts and including the same claims." *Id.* at 215. The court further noted that "the borrower identified on the guaranteed loan agreement" at issue in the case "was Corey Lea, Inc., the corporate entity, and not Mr. Lea personally." *Id.* at 217. "Even if there could be any viable claims against defendant based on the facts in plaintiff's complaint," the court held that "Mr. Lea, as a *pro se* plaintiff representing himself in his personal capacity, is the wrong party to assert those claims." *Id.*

As a threshold matter, RCFC 83.1(a)(3) bars Mr. Watson from representing Buel in this case. *See* RCFC 83.1(a)(3) ("An individual who is not an attorney . . . may not represent a

3

corporation, an entity, or any other person in any proceeding before this court."); *see also Lea*, 126 Fed. Cl. at 217 ("Mr. Lea cannot pursue these . . . allegations on behalf of Corey Lea, Inc. without representation."). Mr. Watson appears to concede that Buel may not bring a claim in this court without representation by an attorney. *See* Pl.'s Resp. at 1 ("Court rules require a plaintiff corporation [to] be represented by an attorney. Therefore, remove Buel, Inc. as a plaintiff. The reason Buel was included is [that] all the relevant IRS records are listed under that name."). Accordingly, plaintiff Buel, Inc. shall be dismissed.

The doctrine of *res judicata*, moreover, precludes this court from revisiting claims made in the prior lawsuit by Buel. The "prior suit" involved "the same parties or their privies," *Acumed*, 525 F.3d at 1323, as Buel and the government were parties to the previous lawsuit, *see* Def.'s Mot. to Dismiss Ex. A. In addition, both cases are based on Buel's alleged overpayment of excise taxes and underpayment of employment taxes in 2013. *Compare* Def.'s Mot. to Dismiss Ex. A at 2, *with* Compl. at 2. The settlement in the prior suit provided, with conditions, that Buel was due $9,266.97 in overpayment of taxes and that the suit would be dismissed with prejudice upon payment of that amount. *See* Compl. Ex G.[3] In all events, the stipulation of dismissal with prejudice filed in the prior case qualifies as a "final judgment on the merits" for purposes of claim preclusion. *See Simons v. United States*, 74 Fed. Cl. 709, 714 (2006) (citing *Lawlor v. National Screen Serv. Corp.*, 349 U.S. 322, 327 (1955)) (additional citations omitted). Therefore, the court is precluded from hearing Buel's claims.

Correlatively, Mr. Watson "may not . . . revisit" the stipulation of dismissal "by filing . . . another action in this court based on the same facts and including the same claims." *Lea*, 126 Fed. Cl. at 215. Mr. Watson owned and operated Buel during its existence, but the Federal Tax Lien was filed against Buel. *See* Compl. Ex. D. "Plaintiff cannot cloak himself" as Buel to assert claims on behalf of the corporation. *Lea*, 126 Fed. Cl. at 218. "[A]s a *pro se* plaintiff representing himself in his personal capacity," Mr. Watson "is the wrong party to assert those claims." *Id.* at 217.

Moreover, this court cannot maintain a lawsuit "for the recovery of any internal revenue tax alleged to have been erroneously or illegally assessed or collected . . . until a claim for refund or credit has been duly filed with the Secretary." 26 U.S.C. § 7422(a). Mr. Watson has not demonstrated that he meets this prerequisite: Buel filed a claim with the IRS regarding the alleged overpayment of the excise taxes, *see* Compl. Ex. A, but nothing in the record indicates that Mr. Watson filed a claim on behalf of himself. There is no evidence to suggest that the excise taxes paid were his own. Even if Mr. Watson paid these taxes himself, his failure to personally file a claim with the IRS provides an alternate ground for dismissal of the complaint.

---

[3] As Mr. Watson acknowledges, in connection with the prior action, Buel received a "$9,266.97 penalties refund check." Compl. at 2; *see also* Def.'s Reply at 4.

4

## CONCLUSION

For the reasons stated, the government's motion to dismiss the complaint is GRANTED.[4] The clerk shall enter judgment accordingly.

No costs.

It is so **ORDERED**.

s/ Charles F. Lettow
Charles F. Lettow
Senior Judge

---

[4] Defendant's motion for a more definite statement is thus DENIED as moot.